### REDMOND v. AMERICAN MANUF'G CO.

(*Superior Court of New York City, General Term.* January 7, 1889.)

DAMAGES—MEASURE—REFUSAL TO ACCEPT GOODS SOLD—EVIDENCE.
Where plaintiff manufactured property for sale to defendant, who had the option to purchase or return it, and he refused to do either, the measure of damages for its detention is the interest on its value from the time of demand, in the absence of evidence that plaintiff could have made any use of it, except to sell it; and in an action to recover it or its value, and damages for its detention, evidence of the value of its use during such detention is inadmissible.

Appeal from jury term.

Action by Daniel M. Redmond against the American Manufacturing Company. Plaintiff appeals.

Argued before SEDGWICK, C. J., and INGRAHAM, J.

*W. R. Spooner*, for appellant.   *C. E. Souther*, for respondent.

INGRAHAM, J. The only question presented on this appeal is the exception to the ruling of the court sustaining the defendant's objection to the testimony offered by the plaintiff as to the usable value of the machines sued for, during the period of their detention, and such evidence was excluded on the ground that the damages for the detention of the machines in question must be confined to interest upon the market value of the machines at the time of the demand. The complaint alleges that in the summer of 1883 plaintiff, being the inventor of certain machines, agreed with the defendant that plaintiff would manufacture and set up in the defendant's factory 14 machines, and that, at the expiration of a period named, defendant should have the option of returning said machines to plaintiff, or of purchasing the same, and paying plaintiff therefor a certain agreed price; that at the conclusion of such period defendant did not elect to purchase said machines, and pay therefor the agreed price or value thereof, and said defendant has since plaintiff duly demanded the said machines, on or about October 27, 1884, unlawfully detained the same, to the plaintiff's damage in the sum of $15,000; and demands judgment for the recovery of possession of said machines, or for the sum of $7,500, the value thereof, together with the sum of $15,000, his damages for the detention thereof, besides the costs of the action. Plaintiff introduced evidence tending to prove the contract set up in the complaint, and that the machines in question were manufactured for the defendant under the contract, and delivered to it. The theory upon which the case was tried by the plaintiff ap-

pears to have been that the measure of damages for the detention of the machines was what the defendant would have made by them had it kept them and used them properly, not the amount that would compensate plaintiff for the injury that he sustained in consequence of the refusal of the defendant to deliver the machines to him. The cardinal principle controlling the question of the measure of damages in these cases is compensation to the injured party for the wrong committed, and it is neither alleged in the complaint in this action, nor proved upon the trial, that any use could have been made by the plaintiff of these machines which, had the machines been returned to him when demanded, would have enabled him to realize more than the interest on the value of the machines, allowed to him by the jury on the trial.

As was said by EARL, C., in *Allen* v. *Fox*, 51 N. Y. 563: "The proper rule of damages to be applied to cases as they arise in the courts has always been a fruitful subject of discussion and difference among judges and jurists. In actions of tort, the aim of the law is to give the injured party a full indemnity, and no more, unless the injury has been willful or malicious. Remote, contingent, and uncertain damages are excluded; but it is not always easy to determine what damages ought to be classified as such,"—and after discussing the duty of the jury in assessing the value of the complete indemnity,—"unless the property has depreciated in value. In such case, the depreciation must be added to the interest on the value taken as it was before the depreciation, and the two items will furnish the amount of damages." I think this rule should be applied to the case at bar. As before stated, the machines were manufactured, not for use by the plaintiff, but for sale to the defendant, and there is no evidence that it was the intention of the plaintiff, or that it was possible for him, to use the machines, except to sell them; and the plaintiff will be fully indemnified by allowing him, as damages for detention, interest on the value of the machines at the time he demanded them, for that would be the amount he would receive had the machines been returned to him at that time, and he had sold them. The case of *Allen* v. *Fox, supra*, was an action of replevin to recover the possession of a horse, and the jury was allowed in that case to assess the value of the use of the horse as damages for the detention. But the damages there allowed were the value of the use of the horse to the plaintiff, and, where the value of the use depended upon the particular use to which the article sought to be recovered is applied, there must be at least some evidence to show, or from which the jury can infer, that the property in question would have been so applied had it been delivered to plaintiff. Without such evidence the plaintiff is not only allowed to recover compensation, but profits that it does not appear that he would or could have made. My opinion is therefore that the evidence was properly excluded by the trial judge, and that there was no error in his refusal to charge as requested on the measure of damages for the detention, and, as no other question is presented on this appeal, the judgment and order appealed from should be affirmed, with costs. All concur.